UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
YI SUN,

                        Plaintiff,

      -against-

NEW YORK CITY POLICE
DEPARTMENT, et al.,

                        Defendants.
-------------------------------------------------------x

No. 18 Civ. 11002 (LTS)(SN)

-------------------------------------------------------x
YI SUN,

                        Plaintiff,

      -against-

SASLOVSKY, ESQ. et al.,

                        Defendants.
-------------------------------------------------------x

No. 19 Civ. 10858 (LTS)(SN)

ORDER

        The Court has received and reviewed Plaintiff's "Emergency Motion to Recuse (Disqualify) the Judge(s)" dated October 1, 2020, and Plaintiff's request for a Temporary Restraining Order pending consideration of that motion. (Docket Entry Nos. 57, 124, 125.) To the extent Plaintiff requests review by the Department of Justice or the Administrative Office of the U.S. Courts of the facts underlying her allegations of misconduct by the Court, the requests are improperly directed to this Court. This Court cannot grant those requests. Plaintiff may wish to direct applications or communications to those other government entities.

        To the extent Plaintiff requests disqualification of this Court pursuant to 28 U.S.C. section 351 <u>et</u> <u>seq</u>. (Docket Entry No. 124, at 1-2), Plaintiff's filing is improperly directed to this

Court.  28 U.S.C. section 351(a) provides that a complaint that a judge has engaged in prejudicial conduct may be filed with the "clerk of the court of appeals for the circuit."  Plaintiff may wish to direct her complaint accordingly.

Plaintiff also requests recusal based on her allegations of bias of the Court, and a temporary restraining order pending consideration of her motion.  (Docket Entry No. 124, at 2; Docket Entry Nos. 57 and 125, at 1.)  Plaintiff's request for recusal is denied, as Plaintiff has not identified any proper ground for the accusation of bias and any investigation of that accusation would take place separately from proceedings in this case.  Disagreement with a litigant's legal position is not an indication of improper bias on the part of the Court.  See Liteky v. U.S., 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); U.S. v. Colon, 961 F.2d 41, 44 (2d Cir. 1992) ("earlier adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality").  Accordingly, a series of adverse rulings does not establish bias or, indeed, a reasonable basis for questioning the impartiality of the Court.  See 28 U.S.C. §§ 455(a), (b)(1).  Nor is there any factual basis for Plaintiff's allegation of any personal friendship between the undersigned and defendant Mo or any member of Mo's family.  Plaintiff's request for a temporary restraining order pending consideration of her motion, insofar as it is directed to this Court, is therefore denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444 (1962).

This order resolves Docket Entry Numbers 124 and 125 in the 18-CIV-11002 matter, and Docket Entry Number 57 in the 19-CIV-10858 matter.  The Clerk of Court is

respectfully directed to file a copy of this order in each of the above-captioned matters.  Chambers will provide a copy of this order to Plaintiff.

        SO ORDERED.

Dated: New York, New York
       Oct. 9, 2020

                                _Laura Taylor Swain_____
                                LAURA TAYLOR SWAIN
                                United States District Judge

Copy Emailed to:    Yi Sun, sunyiculture@yahoo.com
Copy Mailed to:      Yi Sun
                            10 East 116th St. Apt 3A
                            New York, NY 10029