UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Jan. 5, 2021
```

YI SUN,

                        **Plaintiff,**

-against-

NEW YORK CITY POLICE
DEPARTMENT, et al.

                        **Defendants.**

**18-CV-11002 (LTS) (SN)**

**ORDER OF SERVICE**

**DISCUSSION**

**A. Newly Identified Defendants**

On August 6, 2020, the Honorable Laura T. Swain entered an Order & Opinion which directed New York City's Corporation Counsel ("Corporation Counsel") to provide the Plaintiff with the identities of the NYPD Doe Officers who she alleged confronted her at her home on January 20, 2019. ECF No. 108 ("Valentin Order"). The Court has since granted several extensions to Corporation Counsel to comply with the Valentin Order. See ECF Nos. 119, 120, 133, 134. On January 4, 2021, Corporation Counsel provided the Court with four of the eight officers' identities, and requested a further 30-day extension in which to determine whether records exist regarding the remaining four officers alleged to have confronted the Plaintiff at her home. See ECF No. 136.

Accordingly, in the interest of judicial efficiency, the Clerk of Court is directed to amend the caption to add the four previously unnamed Defendants with the names of the officers provided by Corporation Counsel.[1] See Fed. R. Civ. P. 21 ("[T]he court may at any time, on just

---

1.     Because the Plaintiff did not specify which John Doe Defendants were alleged to have committed any specific acts, the Clerk of Court is directed to add the new names, rather than replace the

terms, add . . . a party."). Corporation Counsel may have an additional 30 days to comply with the Valentin Order. Any additional John Doe officers must be identified by February 5, 2021, and no further extensions will be granted. In addition, the Plaintiff may Amend her Complaint until March 8, 2021.

### B. Service on Newly Named Defendants

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

---

existing John Doe Defendants. It is possible that at a later date the Plaintiff will need to Amend the Complaint to assert which Officer was responsible for each specific allegation.

To allow Plaintiff to effect service on the newly named Defendants Edwin Lau, Michael Mendez, Andrew Plaza, and Karanveer Balagad through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

(1) Corporation Counsel must comply with the Valentin Order by February 5, 2021, and no further extensions will be granted.

(2) The Plaintiff may Amend her Complaint no later than March 8, 2021.

Respectfully, the Clerk of Court is directed to add the newly named Defendants, Officer Edwin Lau (Shield No. 6902), Officer Michael Mendez (Shield No. 7126), Officer Andrew Plaza (Shield No. 20827), and Officer Karanveer Balagad (Shield No. 15738) to the case caption. The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for each of the newly named Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

**SO ORDERED.**

Dated: January 5, 2021
      New York, New York

_____
SARAH NETBURN
United States Magistrate Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Officer Edwin Lau (Shield No. 6902)
   New York City Police Department
   25th Precinct
   120 E. 119th Street
   New York, NY 10035

2. Officer Michael Mendez (Shield No. 7126)
   New York City Police Department
   25th Precinct
   120 E. 119th Street
   New York, NY 10035

3. Officer Andrew Plaza (Shield No. 20827)
   New York City Police Department
   42nd Precinct
   830 Washington Ave.
   Bronx, NY 10451

4. Karanveer Balagad (Shield No. 15738)
   New York City Police Department
   25th Precinct
   120 E. 119th Street
   New York, NY 10035