UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
YI SUN,

                                  Plaintiff,

       -against-

NEW YORK CITY POLICE
DEPARTMENT, et al.,

                                Defendants.
-------------------------------------------------------x

No. 18 Civ. 11002 (LTS)(SN)

ORDER

        The Court has received and reviewed Plaintiff's "Motion for Peremptory Challenge," dated December 12, 2020, (Docket Entry No. 144), Plaintiff's Declaration and Proposed Order in support of that motion, (Docket Entry Nos. 145, 146), and Plaintiff's letter addressed to Chief Judge McMahon requesting reassignment and leave to file a "Verified Criminal Complaint." (Docket Entry no. 147.)  In each of these submissions, Plaintiff asserts that she filed copies of the instant "Motion for Peremptory Challenge" in November and December 2020, but that these motions never appeared on the docket.

        With regard to Plaintiff's request that this case be reassigned based upon her allegations that the Court is prejudiced against her, the Court has previously explained that such a request is improperly directed to this Court to the extent that it is an allegation of misconduct by the assigned judges and should be directed to the clerk of the court of appeals for the Second Circuit.  (See Docket Entry No. 127) (citing 28 U.S.C. section 351(a).)  Plaintiff's request for permission to file a "Verified Criminal Complaint" is similarly misdirected to this Court, as explained in the Court's order dated October 23, 2019.  (Docket Entry No. 77.)

Plaintiff also purports to exercise peremptory challenges, pursuant to 28 U.S.C. section 1870, to effect the reassignment of this case from the docket of the undersigned and the docket of the assigned Magistrate Judge. (Docket Entry No. 144.) 28 U.S.C. section 1870 provides civil litigants with three peremptory challenges for use at jury selection. That statute does not, however, apply to the designation of the presiding District or Magistrate Judge. Plaintiff has provided no authority to the contrary. Accordingly, Plaintiff's motion is denied for lack of a proper legal basis.

To the extent that Plaintiff's proposed order requests recusal based on her allegations of bias of the Court (Docket Entry No. 146), Plaintiff's request is construed as a motion for reconsideration of this Court's order dated October 9, 2020, denying Plaintiff's motion for recusal. (Docket Entry No. 127.) A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks omitted). To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). The Court previously denied Plaintiff's recusal motion because she had not identified any proper ground for the accusation of bias, noting that disagreement with a litigant's legal position is not an indication of improper bias on the part of the Court. See Liteky v. U.S., 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never

constitute a valid basis for a bias or partiality motion"); U.S. v. Colon, 961 F.2d 41, 44 (2d Cir. 1992) ("earlier adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality").  Plaintiff has identified no legal or factual basis justifying reconsideration of the Court's October 9, 2020, order.  Accordingly, Plaintiff's motion for reconsideration is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444 (1962).

This order resolves Docket Entry Number 144.  Chambers will provide a copy of this order to Plaintiff.

SO ORDERED.

Dated: New York, New York
January 21, 2021

_Laura Taylor Swain_____
LAURA TAYLOR SWAIN
United States District Judge

Copy Mailed to:      Yi Sun
10 East 116th St. Apt 3A
New York, NY 10029