UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
YI SUN,

                          Plaintiff,

    -against-

NEW YORK CITY POLICE
DEPARTMENT, et al.,

                          Defendants.
-------------------------------------------------------x

No. 18 Civ. 11002 (LTS)(SN)

-------------------------------------------------------x
YI SUN,

                          Plaintiff,

    -against-

SASLOVSKY, ESQ. et al.,

                          Defendants.
-------------------------------------------------------x

No. 19 Civ. 10858 (LTS)(SN)

ORDER

        The Court has received and reviewed Plaintiff's letter dated January 21, 2021. (Docket Entry No. 150.)   In her letter, Plaintiff moves to disqualify and restrain by Temporary Restraining Order and Preliminary Injunction "all actions" of this Court and Magistrate Judge Netburn.

        Previous orders have explained that Plaintiff's requests to disqualify the Court are improperly directed to this Court because such complaints are properly directed to the clerk of the court of appeals for the circuit.  (See Docket Entry Nos. 129 and 148; 28 U.S.C. § 351(a)).  Chief Judge McMahon communicated that information to Plaintiff in her endorsed letter dated Sept. 21, 2020.  (Docket Entry No. 121.)  The filing of such a request does not automatically preclude the

assigned district judge from continuing to preside over the case, and this Court has not been informed that any action has been taken by the court of appeals to date to change the assignment of this case. To the extent the request for injunctive relief is directed to the undersigned, the Court will not entertain the request.

To the extent Plaintiff's letter seeks to exercise peremptory challenges to effect the reassignment of this case from the docket of the undersigned and the docket of the assigned Magistrate Judge, Plaintiff's request is construed as a motion for reconsideration of this Court's order dated January 21, 2021, denying Plaintiff's request to exercise peremptory challenges. (Docket Entry No. 148.) A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks omitted). To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). The Court previously denied Plaintiff's recusal motion because she had not identified any proper ground for the accusation of bias, noting that disagreement with a litigant's legal position is not an indication of improper bias on the part of the Court. See Liteky v. U.S., 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); U.S. v. Colon, 961 F.2d 41, 44 (2d Cir. 1992) ("earlier adverse rulings, without more, do not provide a reasonable basis for questioning a

judge's impartiality"). Plaintiff has identified no legal or factual basis justifying reconsideration of the Court's January 21, 2021, order. Accordingly, Plaintiff's motion for reconsideration is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

The Clerk of Court is respectfully directed to file a copy of this order in each of the above-captioned matters. Chambers will provide a copy of this order to Plaintiff.

SO ORDERED.

Dated: New York, New York
	February 8, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy Mailed to:	Yi Sun
	10 East 116th St. Apt 3A
	New York, NY 10029