UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
YI SUN,

                         Plaintiff,

                -against-                              No. 18 CV 11002-LTS-SN

NEW YORK CITY POLICE
DEPARTMENT, ADMINISTRATION
FOR CHILDREN'S SERVICES OF THE
CITY OF NEW YORK, HUGH H. MO &
THE LAW FIRM OF HUGH H. MO, PC.,
SCOTT RICHMAN & THREADTEX INC.,
JOHN DOE 1, JOHN DOE 2,

                        Defendants.
-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        Plaintiff Yi Sun ("Plaintiff") brings this action <u>pro se</u>.  The Court hereby

dismisses the Complaint, <u>see</u> docket entry no. 1 ("Complaint") and sequentially-paginated

attachments ("-1, -2, -3, -4")), and the Supplemental Complaint (docket entry no. 19) without

prejudice as against the Doe Defendants who were identified in response to a <u>Valentin</u> order but

have not been served, and against all other Doe Defendants, for the reasons set forth below.

<u>BACKGROUND</u>

        On August 6, 2020, the Court issued a Memorandum Opinion and Order (the

"August 6, 2020, Order") granting Defendants' motion to dismiss the Complaint and

Supplemental Complaint pursuant to Federal Rule of Procedure 12(b)(6) as to all of Plaintiff's

claims except for Plaintiff's Section 1983 claim against the Doe Defendants for violations of the

Fourth Amendment based on the events of January 20, 2019.  (Docket entry no. 108.)  The Court

also granted Defendants' motion pursuant to Federal Rule of Procedure 12(b)(1), dismissing

Plaintiff's Complaint for lack of subject matter jurisdiction to the extent Plaintiff sought review

of her state court cases, with the exception of Plaintiff's state law claims arising from the seizure aspect of the January 20, 2019, incident, which the Court held in abeyance pending identification of the Doe Defendants and further proceedings.  (See id. at 28.)

With respect to Plaintiff's Section 1983 claim against the Doe Defendants, the Court noted in the August 6, 2020, Order that it is frequently difficult or impossible for pro se litigants to identify and effect service on individual police and correction officers and so ordered, in reliance on Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam), that the office of the New York City Corporation Counsel ("Corporation Counsel") attempt to ascertain the identities of the Doe Defendant officers whom Plaintiff sought to sue and, once identified, seek to obtain authority to accept service of process on their behalf.  (See docket entry no. 108, at 27-28.)  The Corporation Counsel was directed to report to Plaintiff and the Court as to whether the officers had been identified, and whether the Corporation Counsel would accept service on their behalf, by September 21, 2020.  Upon timely notification of the identities and addresses of the Doe Defendants, Plaintiff was to file an Amended Complaint by October 21, 2020, identifying the Doe Defendants and containing all of the allegations concerning them that were included in the Supplement to the Complaint.  (See id. at 28.)  Plaintiff was also directed to serve the Supplemental Complaint with an amended summons on each Doe Defendant.  (See id.)

Thereafter, the Court granted several extensions of time for the Corporation Counsel to undertake efforts to identify the Doe Defendant officers whom Plaintiff sought to sue in compliance with its Valentin obligations.  Recognizing that the identification of the Doe Defendants was an important predicate for Plaintiff's preparation of her Amended Complaint, the Court also granted Plaintiff corresponding extensions of time to file her Amended Complaint.

Thus, on September 20, 2020, the Court granted the Corporation Counsel's request for a 60-day extension of time to comply with its Valentin obligations, extending the deadline for compliance to November 20, 2020.  (See docket entry no. 120.)  In the same order, the Court extended Plaintiff 's deadline to file an Amended Complaint until December 21, 2020. (See id.)

On November 19, 2020, the Court granted the Corporation Counsel's second letter motion for a 45-day extension of time, from November 20, 2020, until January 4, 2021, to meet its Valentin obligations and also granted Plaintiff an equal 45-day extension of time to file her Amended Complaint, postponing her deadline from December 21, 2020, until February 4, 2021.  (See docket entry no. 134.)

On January 4, 2021, the Office of the Corporation Counsel informed the Court that it identified four of the seven or eight Doe officers whom Plaintiff sought to sue and provided the names of the officers and the addresses where they could be served with process. (See docket entry no. 136.)  The Corporation Counsel requested a further 30-day extension, until February 5, 2021, to determine whether records existed regarding the remaining three or four officers whom Plaintiff sought to sue, see id., which the Court granted.  (See docket entry no. 137, amended by docket entry no. 138.)  The Court also extended Plaintiff's deadline to file her Amended Complaint until March 8, 2021.  (See id.)

On January 6, 2021, the Court directed the Clerk of Court to issue summonses as to the newly-named Defendants and directed Plaintiff to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses.  (See docket entry no. 138.) Plaintiff was warned that, if she "has not either served [the newly-named] Defendants or requested an extension of time to do so, the Court may dismiss the claims against [those]

Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute." (See id.) On January 8, 2021 the Office of the Clerk of Court issued summonses as to the four newly-named Defendants, see docket entry nos. 139-142, and mailed an information package to Plaintiff containing a copy of the court order at docket entry no. 138, the four summonses issued to the newly-named defendants, and other information about litigating her claim. (See docket entry no. 143.)

On February 8, 2021, the Court granted the Corporation Counsel's request for a 30-day extension of time, until March 5, 2021, to comply with its Valentin obligations to identify any remaining unnamed defendants and also granted Plaintiff an equal 30-day extension to file her Amended Complaint, moving the deadline to April 5, 2021. (See docket entry no. 152.)

On March 9, 2021, the Court found that the Corporation Counsel had complied with its Valentin obligations, as specified in the Court's August 6, 2020, order and relieved the Corporation Counsel of the duty to pursue further avenues to identify the remaining Doe Defendants whom Plaintiff sought to sue. (See docket entry no. 159.) A copy of the order was mailed to Plaintiff that day. (See docket text entry, Mar. 9, 2021.)

On April 7, 2021, the Court noted that Plaintiff had failed to file her Amended Complaint, which was due on April 5, 2021. (See docket entry no. 163.) The Court granted Plaintiff an additional 30 days to file the Amended Complaint, providing that it was due "no later" than May 7, 2021, "[i]n light of her pro se status." (Docket entry no. 163.) A copy of the order was served upon Plaintiff at her designated address on April 8, 2021. (See Declaration of Amanda Rolon of Service by Mail, docket entry no. 164.)

On May 17, 2021, recognizing that Plaintiff still had not filed her Amended Complaint, the Court granted Plaintiff an additional 14-day extension "[i]n light of Plaintiff's pro

se status and given that the Court granted numerous and lengthy extensions for the Defendants to comply with the Court's <u>Valentin</u> Order." (<u>See</u> docket entry no. 165.) The Court's order provided that "[n]o further extensions shall be granted, absent good cause." (<u>Id.</u>) A copy of the order was mailed to Plaintiff on May 18, 2021. (See docket text entry, May 18, 2021.)

To date, Plaintiff has failed to file her Amended Complaint, and she has not proffered any explanation for her failure to do so. She has not communicated with the Court since March 1, 2021. (<u>See</u> docket entry no. 157.)

<u>DISCUSSION</u>

Federal Rule of Civil Procedure 41(b) provides that a case "may be involuntarily dismissed if a plaintiff 'fails to prosecute or to comply with these rules or a court order.'" <u>White v. Westchester Cty.</u>, No. 19-CV-3604, 2020 WL 7323422, at *1 (S.D.N.Y. Dec. 11, 2020) (citing Fed. R. Civ. P. 41(b)). Although Rule 41(b) contemplates the situation in which a defendant moves to dismiss for failure to prosecute, "it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute <u>sua</u> <u>sponte</u>. <u>Masri v. Thorsen</u>, No. 17-CV-4094, 2020 WL 4369907, at *1 (S.D.N.Y. July 30, 2020) (citing <u>Lesane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001)).

Dismissals under Rule 41(b) constitute "harsh remedies that are appropriate only in extreme situations." <u>See</u> <u>Wynder v. McMahon</u>, 360 F.3d 73, 79 n. 10 (2d Cir. 2004) (internal quotations and citation omitted). Considering the "special consideration given to <u>pro</u> <u>se</u> litigants," courts should "be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." <u>Hunter v. New York State Dep't of Correctional Servs.</u>, 515 F. App'x 40, 42 (2d Cir. 2013) (quoting <u>Lucas v. Miles</u>, 84 F.3d 532, 535 (2d Cir. 1996)). However, "all litigants, including pro ses, have an obligation to comply with court orders[,]"

Ambrose v. Mestre, No. 12-CV-4349, 2014 WL 2708021, at *2 (S.D.N.Y. June 16, 2014), report and recommendation adopted, 2014 WL 5089438 (Sept. 24, 2014) (internal quotation and citation omitted), and the Court's authority to "invoke dismissal for failure to prosecute is 'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" Masri, 2020 WL 4369907 at *1 (quoting Lyell Theatre Corp v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982)).

The Second Circuit considers five factors in assessing whether dismissal of a plaintiff's case pursuant to Rule 41(b) is appropriate:

> (1) the duration of the plaintiff's failure (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Chavis v. City of New York, No. 17-CV-9518, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), report and recommendation adopted, 2018 WL 6528238 (Dec. 11, 2018) (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). No one factor is dispositive. (See id. (citing Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999))).

Considering these five factors, the Court concludes that dismissal of the claims against the newly-named and Doe defendants without prejudice is appropriate in this case.

The first factor involves consideration of "two related inquiries: first, whether 'the failures were those of the plaintiff,' and second, whether the 'failures were of significant duration.'" Kent v. Scamardella, No. 07 Civ. 844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (quoting Spencer v. Doe, 139 F.3d 107, 113 (2d Cir. 1998)). Here, the Court "granted numerous and lengthy extensions for the Defendants to comply with the Court's Valentin Order" issued August 6, 2020, which was critical in identifying four of the Defendant officers whom

Plaintiff sought to sue.  (See docket entry no. 165.)  Therefore, the delay from the Court's August 6, 2020, Order until the four defendant officers were identified by Corporation Counsel on January 4, 2021, cannot be attributed to Plaintiff.  However, Plaintiff has failed to move the case forward since then, both failing to file an Amended Complaint concerning her allegations against the newly-named defendants and failing to serve them with an operative pleading.  There can be no doubt that this failure to advance the litigation rests with Plaintiff, especially since the Court ruled, on March 9, 2021, that the Corporation Counsel had fulfilled its Valentin obligations and need not take further efforts to identify any remaining unnamed defendants.  (See docket entry no. 159.)

Plaintiff's delay in filing an Amended Complaint and serving the named Defendants once their identities were proffered on January 4, 2021, satisfies the duration prong and weighs in favor of dismissal.  See Ambrose, 2014 WL 2708021, at *2 ("[I]t is a plaintiff's responsibility to pursue his or her case diligently," and therefore "'an action lying dormant with no significant activity to move it may warrant dismissal after merely a matter of months.'" (quoting Lyell Theatre Corp., 682 F.2d at 43));  Seth v. City of New York, No. 1:19-cv-01960, 2019 WL 7493587, at *3 (S.D.N.Y. Dec. 9, 2019), report and recommendation adopted, 2020 WL 71021 (Jan. 6, 2020) (finding "four months of silence from Plaintiff is sufficient to warrant dismissal"); Chavis, 2018 WL 6532865, at *3 (finding dismissal appropriate where Plaintiff failed to comply with discovery obligations for four months); Kent, 2007 WL 3085438, at *2 ("Although three months is not necessarily a delay of 'significant duration,' the delay . . . functioned as a complete block to moving this litigation forward." (citation omitted)).

As to the second factor, Plaintiff was on notice that further delays in filing the Amended Complaint and serving the named Defendants would result in dismissal.  First, in the

Court's August 6, 2020 Order, the Court directed Plaintiff to file her Amended Complaint once the officers whom she sought to sue had been identified by the Corporation Counsel. (<u>See</u> docket entry no. 108, at 28.) Shortly after four Defendant officers were identified in January 2021, the Court directed Plaintiff to serve the summons and complaint on each newly-named Defendant and warned that, if she failed to do so within 90 days, "the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute." (<u>See</u> docket entry no. 138.) When Plaintiff missed the April 5, 2021, deadline for filing her Amended Complaint, the Court directed her to file her amended pleading "no later" than May 7, 2021. (Docket entry no. 163.) Then, on May 17, 2021, in recognition that Plaintiff had missed the May 7, 2021 deadline, the Court granted Plaintiff an additional 14-day extension, stipulating that "[n]o further extensions shall be granted, absent good cause." (<u>See</u> docket entry no. 165); <u>see also</u> <u>Yadav v. Brookhaven Nat'l Lab.</u>, 487 F. App'x 671, 673 (2d Cir. 2012) (summary order) (finding "three verbal warnings" constituted ample notice). These four orders were mailed to Plaintiff at the address provided to the Court. (<u>See</u> docket text entry, Aug. 7, 2020; docket entry nos. 143 and 164; docket text entry, May 18, 2021.) Thus, "if for some reason plaintiff did not receive actual notice of this Court's Orders . . . [s]he has no-one to blame but [her]self." <u>Chavis</u>, 2018 WL 6532865, at *4.

The third factor is neutral, as the named Defendants have not yet been served with an operative complaint and thus have not yet undertaken efforts to present a defense. <u>See</u> <u>Seth</u>, 2019 WL 7493587, at *3 (finding third factor "neutral" because case was "at its infancy").

The fourth factor supports dismissal because Plaintiff has been given several opportunities to pursue her Section 1983 claim against the Defendant officers and has apparently chosen not to do so. Plaintiff has failed to file an operative pleading against the named

Defendant officers and has not communicated with the Court since March 1, 2021. See Masri, 2020 WL 4369907, at *2 (dismissing case without prejudice for failure to prosecute where Plaintiff failed to file second amended complaint in accordance with Court-imposed deadlines); White, 2020 WL 7323422, at *1 (dismissing case without prejudice where the plaintiff failed to file amended complaint or otherwise communicate with the Court). Thus, she has apparently abandoned her efforts to pursue her remaining Section 1983 claim against the officer Defendants. See Hibbert v. Apfel, No. 99 Civ. 4246, 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000) ("It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts.").

Because Plaintiff has abandoned her opportunity to pursue her remaining claim against the identified Defendant officers and has halted communications with the Court, lesser sanctions would be ineffective. This case cannot proceed with Plaintiff's participation and an operative pleading. However, considering the "special consideration" owed to pro se litigants, Hunter, 515 F. App'x at 42, and the harshness of the Rule 41(b) remedy, the Court dismisses Plaintiff's claims against the newly-identified and Doe Defendants without prejudice.

CONCLUSION

For the foregoing reasons, Plaintiff's claims that were not dismissed by this Court's August 6, 2020 Order, see docket entry no. 108, are DISMISSED without prejudice. The Court declines to exercise supplemental jurisdiction of any state law claims. The Clerk of Court is respectfully directed to enter judgment in accordance with this Memorandum Order and the August 6, 2020, Order.

Chambers will mail a copy of this Memorandum Order to Plaintiff.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: New York, New York
      July 9, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Copy Mailed to:     Yi Sun
                10 East 116th St., Apt 3A
                New York, NY 10029