UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
YI SUN,

                                                                                                               No. 18 Civ. 11002 (LTS)(SN)

                     Plaintiff,

      -against-

NEW YORK CITY POLICE
DEPARTMENT, et al.,

                   Defendants.
-------------------------------------------------------x

## ORDER

        The Court has received and reviewed Plaintiff's "Emergency Motion to Stay the Last Orders (in second time)."[1] Plaintiff renews her prior requests (see docket entry no. 172) that that the order issued on July 9, 2021 (docket entry no. 166), the judgment issued on July 12, 2021 (docket entry no. 167), and the order signed on July 30, 2021, but issued on August 2, 2021 (docket entry no. 169), be stayed. Plaintiff also requests that the Court's order dated August 10, 2021, which denied those prior requests (see docket entry no. 173), be stayed. The Court denies these requests for the reasons provided in the Court's order dated August 10, 2021, and for those provided below.

        To the extent Plaintiff requests the Court's orders be stayed because she claims she "cannot know any information through the Court website" and her "cases all stopped to update (sic) on 7/28/2021," the Court notes that the docket sheet in this action, managed by the Office of

---

[1]     Chambers also received Plaintiff's "Emergency Motion to Stay the Last Orders (in second time) via email. Chambers will not accept requests for judicial action by email. Plaintiff is hereby instructed to follow the instructions for submitting pro se filings available at: "Representing Yourself in Federal Court (Pro Se)," https://www.nysd.uscourts.gov/prose (last visited Aug. 13, 2021).

the Clerk of Court, accurately reflects the motions made and orders issued in this action to date. Chambers also provided copies of the Court's orders referenced in Plaintiff's letter to Plaintiff via mail.[2]

To the extent Plaintiff requests review by the Department of Justice, the Senate Judiciary Committee, or the Administrative Office of the U.S. Courts of the facts underlying her allegations of misconduct by the Court, the requests are improperly directed to this Court. This Court cannot grant those requests. Plaintiff may wish to direct applications or communications to those other government entities.

To the extent Plaintiff requests disqualification of this Court pursuant to 28 U.S.C. section 351 et seq., Plaintiff's complaint is improperly directed to this Court. 28 U.S.C. section 351(a) directs that a complaint that a judge has engaged in prejudicial conduct may be filed with the "clerk of the court of appeals for the circuit." Plaintiff may wish to direct her complaint accordingly.

To the extent Plaintiff requests recusal based on her allegations of bias of the Court, Plaintiff's request for recusal is denied, as Plaintiff has not identified any proper ground for her accusations of bias and any investigation of those accusations would take place separately from proceedings in this case. Disagreement with a litigant's legal position is not an indication of improper bias on the part of the Court. See Liteky v. U.S., 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion."); U.S. v. Colon, 961 F.2d 41, 44 (2d Cir. 1992) ("[E]arlier adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality."). Similarly, a series of adverse rulings

---

[2] Chambers provided Plaintiff with an additional copy of the August 10, 2021, order via email.

does not establish bias or, indeed, any reasonable basis for questioning the impartiality of the Court.  See 28 U.S.C. §§ 455(a), (b)(1).  Moreover, the Court notes that in its order dated July 29, 2021, the Court actually granted Plaintiff an extension of time to file a notice of appeal, finding that she had demonstrated good cause in support of her request for an extension.

Based on the Court's careful review of Plaintiff's letter motions and the Court's orders issued to date, Plaintiff's requests are denied, and any further requests to stay the Court's orders or for reconsideration of the same, disqualification, or recusal will be denied summarily.

This resolves docket entry no. 174.

SO ORDERED.

Dated: New York, New York
August 13, 2021

/s/Laura Taylor Swain\_\_ \_\_\_
LAURA TAYLOR SWAIN
Chief United States District Judge

Copy Mailed to:   Yi Sun
10 East 116th St. Apt 3A
New York, NY 10029