UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
YI SUN,

                                                                     No. 18 Civ. 11002 (LTS)(SN)

                  Plaintiff,

      -against-

NEW YORK CITY POLICE
DEPARTMENT, et al.,

                  Defendants.
-------------------------------------------------------x

### ORDER

The Court has received and reviewed Plaintiff's "Letter to the Senior Judge Hon. Colleen McMahon," and Plaintiff's "Emergency Motion for a T.R.O. . . . to Stay the Last Orders/Judgment." (Docket entry no. 180.) To the extent Plaintiff requests to stay the Court's orders or for reconsideration of the same, disqualification, or recusal, those requests are denied for the reasons stated in the Court's August 13, 2021, Order.[1] (See docket entry no. 175.) To the extent Plaintiff requests review based on her allegations of judicial misconduct, Plaintiff's request is improperly directed to this Court because such complaints are properly directed to the "clerk of the court of appeals for the circuit." (28 U.S.C. section 351(a).)

Plaintiff's claims in this action were dismissed and the case was closed on July 12, 2021. Since the entry of judgment in this action, Plaintiff has made four requests, in addition to the latest one which the Court hereby denies, see docket entry nos. 172, 174, 176, 178, that set forth substantially similar requests to stay the Court's orders or for reconsideration of the same,

---

[1] To the extent Plaintiff attempts to set forth new allegations in this action, those allegations are denied as frivolous as the Court finds that they lack any arguable basis in law or fact. See e.g., Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (explaining court has "no obligation to entertain pure speculation and conjecture").

disqualification, or recusal.  The Court has reviewed those requests and denied each of them in turn.  See docket entry nos. 173, 175, 177, and 179.  In light of the litigation history in this case, Plaintiff is ordered to show cause why she should not be barred from filing any further requests in this action without first obtaining permission from this Court.  See Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard.").  Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon her.  If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, she will be barred from filing any further requests in this action unless she first obtains permission from this Court to do so.

        The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  This resolves docket entry no. 180.  Chambers will mail a copy of this order to the pro se Plaintiff at the address set forth below.

SO ORDERED.

Dated: New York, New York
      September 30, 2021

/s/ Laura Taylor Swain_____
LAURA TAYLOR SWAIN
Chief United States District Judge

Mail to:    Yi Sun
             10 East 116th St. Apt 3A
             New York, NY 10029