UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
YI SUN,

                              Plaintiff,

       -against-

NEW YORK CITY POLICE
DEPARTMENT, et al.,

                            Defendants.
-------------------------------------------------------x

No. 18 Civ. 11002 (LTS)(SN)

## ORDER

The Court has received and reviewed Plaintiff's "Verified Complaint with Motion" and "Emergency Motion for a 'T.R.O.' . . . to Stay the Last SDNY Orders/Judgments of Unconstitutionality And Request for an Emergency Injunction." (Docket entry no. 184.) To the extent Plaintiff requests to stay the Court's orders or for reconsideration of the same, disqualification, or recusal, those requests are denied for the reasons stated in the Court's August 13, 2021, Order.[1] (See docket entry no. 175.) To the extent Plaintiff requests review based on her allegations of judicial misconduct, Plaintiff's request is improperly directed to this Court because such complaints are properly directed to the "clerk of the court of appeals for the circuit." (28 U.S.C. section 351(a).)

In light of the litigation history in this case, on September 30, 2021, the Court ordered Plaintiff to show cause, through a declaration filed within 30 days, why she should not be barred from filing any further requests in this action without first obtaining permission from

---

[1] To the extent Plaintiff attempts to set forth new allegations in this action, those allegations are denied as frivolous as the Court finds that they lack any arguable basis in law or fact. See e.g., Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (explaining court has "no obligation to entertain pure speculation and conjecture").

this Court. (Docket entry no. 181). To the extent Plaintiff's most recent requests constitute her attempt to submit a declaration setting forth good cause why the Court should not impose this injunction upon her, the Court finds that Plaintiff's letter does not set forth good cause why the injunction should not be entered. Plaintiff's letter sets forth substantially similar requests to stay the Court's orders or for reconsideration of the same, disqualification, or recusal that she has repeatedly filed in this case, see docket entry nos. 172, 174, 176, 178, 180, 182, and which the Court has reviewed and denied in turn. See docket entry nos. 173, 175, 177, 179, 181, 183.

Thus, having found that Plaintiff has failed to file a declaration setting forth good cause for why she should not be barred from filing any further requests in this action without first obtaining permission from this Court, see docket entry no. 181, the bar order will issue.

The Court hereby bars Plaintiff from filing any further requests in this action without first obtaining from the Court leave to file. See 28 U.S.C. section 1651.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

This resolves docket entry no. 184. Chambers will mail a copy of this order to the pro se Plaintiff at the address set forth below.

SO ORDERED.

Dated: New York, New York
         November 3, 2021

                                        /s/ Laura Taylor Swain_____
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

Mail to:    Yi Sun
            10 East 116th St. Apt 3A
            New York, NY 10029